UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                            No. 00-4648

STEVEN RAY SMITH, SR.,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-95-449)

Submitted: February 22, 2001

Decided: March 2, 2001

Before WIDENER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. William Corley Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Steven Ray Smith, Sr., appeals from the district court's order revoking his supervised release and sentencing him to fourteen months' imprisonment. Smith's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), representing that, in his view, there are no meritorious issues for appeal, but raising the issue of whether the district court abused its discretion by imposing a sentence greater than the term of imprisonment for the original offense. Smith has been notified of his right to file a pro se supplemental brief but has not done so. Finding that the issue raised by counsel is without merit and discerning no error in the record below, we affirm.

This court reviews for abuse of discretion the district court's order imposing a sentence after revocation of supervised release. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court may revoke a defendant's term of supervised release if it finds by a preponderance of the evidence that he violated the terms of release. 18 U.S.C.A. § 3583(e)(3) (West 2000). Smith admitted to the violations of supervised release stated in the Petition on Probation and Supervised Release when he pled guilty. There is nothing in the record to support a finding that Smith's guilty plea was not knowing and voluntary, nor does he make this allegation.

Under 18 U.S.C.A. § 3583(e)(3), the district court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in imposition of the term of supervised release without granting credit for time previously served on post-release supervision. Therefore the district court did not abuse its discretion because it imposed a sentence authorized by the revocation statute.

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and concluded that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal

Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*